The next case before us today is 24-5094, United States v. Papke. Good morning. May it please the court. I'm Neal Van Dalsum and I represent the defendant, Appellate Justin Papke, in this case. Mr. Papke asked this court to review the district court's rejection of two different plea agreements. One of them was an 11C1A plea agreement and one of them was an 11C1C agreement. I'm in the unusual circumstance of having the government agree with me that it was error to reject the second plea agreement, which was a C1A plea agreement. I do want to make sure that, given that what matters is the court's view of the issues, that the court doesn't have questions about the second plea agreement, which was a C1A plea agreement. Basically, that plea agreement, the terms were the government was going to dismiss count three, Mr. Papke would plead guilty to counts one and two, and the district court could sentence to whatever sentence it thought appropriate for the first two counts. There was nothing about the plea agreement other than the statutory maximums that limited the court's sentencing discretion. The district court found that it did limit sentencing discretion and rejected the plea agreement on that basis, not using the proper standard to evaluate a charge bargain as set forth in this court's precedents. Well, our precedent is a little confusing if you start all the way at the beginning of it. In particular, we rely on a case, I think from the Fifth Circuit, United States versus Bean, and that case appears, the Fifth Circuit seems to be today an outlier where they don't appear to give greater deference to a charge bargain. Now, I will, none of the cases from this circuit until I think Vander, I have to remember the name, is actually a charge bargain case, Vander Wolf. But, you know, you can understand why the trial court was maybe a little confused based on some of our statements in the older cases. And typically, we rely on our oldest published case as opposed to our most recent published case. Can you tell me why we wouldn't do that here, looking at our reliance on the Bean decision? The Vanderwerf case is directly on point, clearly enunciates a standard that there should be discretion in favor of the prosecutor's decision to dismiss counts. And there's good reasons for that rule. It's not just that it's in a case, it's that the rule makes sense. When you're looking at dismissal of a count, it is really not that much different from the decision to not charge something in the first place, or to dismiss a count during the pendency of a case. The Robertson case also, even though it did not involve a charge bargain, speaks to charge bargains. And in footnote 14, speaks to the standards that apply to dismissal of counts, because that is the substance of what's happening in a charge bargain, is that in exchange for you're going to plead guilty to these counts, and these counts are going to go away. And even more commonly in most plea agreements, and we're not going to charge you with anything else, that we are concluding this case without further charges. Even in a charge plea, the district court can reject it. The district court has discretion to reject it, but that discretion, I think a good way to think of it, is the district court's discretion in analyzing a charge bargain is to make sure that the prosecution is not violating the discretion that it has in some way. And I think that it really should be limited to contexts where the prosecution is, there's some kind of corruption involved. There's just, they're just flat not wanting to do their job. Where it is a matter of the public interest where a sitting judge looks at it and says, this is an unjust outcome that is harmful to the public interest more broadly. Counsel, isn't that what happened in this case? Tell me why you don't think that happened here. That didn't happen here because the government had reasons that it explained on the record for why it was wanting to do this plea. The plea allowed for a 17 year sentence. That was actually within the guideline range. The reasons the government gave were good reasons. The district court consistently said, well, I hear you that you've got concerns about the victim in the case, but it's okay. But that wasn't really the case. If you look at when a guardian ad litem was appointed, the guardian ad litem was saying this victim would like this to go away. Well, didn't the district court at that point say, she seems fine to me. She's going to testify just fine. That was, I believe, at hearings that were related to the first plea agreement. But he's obviously, the judge believed that. The judge believed that, but the judge also acknowledged that, well, I haven't met with her. You have more interaction with her than I do. And that's normally the case. Well, maybe we can just get back to my initial question, which is the judge is saying the proposed plea here just is not enough. It's insufficient for this crime, for public safety. And that seems to meet what your test, as you stated it, that the judge can reject the plea based on public safety concerns. In any case, a judge could just say, well, in my personal opinion, I think there should be more time. That has nothing to do with the prosecution's role in looking at the case, figuring out the weaknesses in the case, which were also discussed, the effect on the victim, many other criteria that in any particular case could arise. And the prosecutor is in a superior position to evaluate those concerns. Well, then I'm sorry. So back when you said the public safety exception there, you actually don't think there's one. You misstated that. What I'm saying is this agreement just flat out violates the public interest in some way. But that really needs to be focused on the prosecutor is just not doing their job right. There's corruption involved here. What about, if I can turn to it, the first plea agreement, the first plea deal? You're saying that the judge abused his discretion with respect to that one as well. Correct. That one, we all agree that one was not a charge plea. Correct. It is a hybrid plea agreement. So the judge would have more discretion to reject the first plea. Would you agree with that? I agree. Okay. And why do you think that the judge abused his discretion in rejecting the first plea deal? Before directly answering that question, I would like to point out an error in my own brief that relates to this. At pages five and six of my reply brief, I take the position that some language in the Robertson case that addresses a district court's discretion is dicta. And upon reviewing my brief in the case, I realized that's not right. That statement clearly is part of the analysis that the court used to reach its holding. So please disregard anything that I said about it not being part of the holding that is wrong. And I apologize for wasting any time on that. That being said, Robertson also should not be interpreted to mean that the district court has just unfettered discretion to reject a C1C plea agreement. Rule 11 is there for a reason. The Robertson case itself says the district court has to consider the prosecution's stated reasons for entering into the agreement and explain why those are insufficient. If a court can say, I'm just going to reject this plea agreement for no other reason than I don't want to have my sentencing discretion limited, then that essentially means I don't have to follow Rule 11 C1C ever. I can just say that my reason is I don't like that kind of plea agreement. Well, the reason I mean, the judge said more than that, I think. And with respect to the first plea deal, the judge was concerned, as I think Judge Iodd has pointed out, that it wasn't significant punishment for the nature of the crime. The plea agreements all imposed a significant term of imprisonment. The district court's primary complaint through the process is, I don't like you bringing me these C1C plea agreements. You've fallen in love with the C1C. This can be my sentence or your sentence. And essentially was applying a standard of review that gave the district court more discretion to reject the C1C plea agreement than I think it had. And on that basis, there is a legal error in applying an incorrect standard. So that's one problem. The other is the district court did not in a meaningful way do what the case law directs, including Robertson, which is explain on the record why these reasons are insufficient. The district court gave no weight to the prosecution's concerns about the victim, even though the guardian ad litem reports made clear that this was causing serious problems. The district court was focused on concerns about prior alleged misconduct that the government on the record said, we didn't charge that because she has made inconsistent statements and we don't think we could prove it. And so a lot of the court's concerns that this isn't enough time are based upon concerns about events that the government says it couldn't prove. Counsel, can I ask you about remedy? What is it you're asking us to do? Because in your brief, you say you want us to vacate, remand, and have the district judge reconsider the plea agreements that were previously presented. That's not normally the relief we grant. So is that what you're asking us to do? And then I have a follow up as I see it. Part of my complaint on all of these is that the district court did not apply appropriate standards to either plea agreement. It could be on the second plea agreement that the directions that would result would make it abundantly clear that the district court needs to accept that plea agreement. But it seems to me that by accepting the third plea agreement, the first two essentially don't exist anymore. They've been superseded. Is that right? That is wrong. And we've made it clear on the record all the way through that we're preserving the objection. And the case law says you can't file a writ on this. So the way to tee the issue up as an appellate issue is to, after the case is over and you're finally sentenced, come back and challenge what happened before. There would be no other way to do it. All right, so if we grant you relief, though, and agree with you and the government that on the second plea agreement there was error that requires a vacated judgment, do we even have to reach the decision as to the district court's rejection of the first plea agreement? If you find that there is no error on the first plea agreement. I'm saying do we even have to get to that decision? Because you're brief. You start with the second plea agreement. You do them in reverse chronology. I'm saying if we agree with you on the second plea agreement, do we even have to decide whether there was error on the first plea agreement? Yes, because the second plea agreement would not have happened but for the district court's rejection of the first plea agreement. And the first plea agreement was better for your client. It was. What about whether if we were to remand, vacate and remand, you want us to send it to a different judge, right? If this is not a personal disagreement with Judge Heil, just to be clear, if this court's ruling is such that it appears very clear that there shouldn't be any issues in the district court with Judge Heil doing the resentencing, I don't see a reason to reassign. If we're going to go back and review the first plea agreement and the district court has made statements on the record and made his displeasure very, very clear about that plea agreement, I think it would be appropriate to kind of have a fresh sheet to look at on that one. OK, thank you. Thank you. May it please the court, Stephen Bryden on behalf of the United States. I'd like to start with a question that Judge McHugh asked towards the beginning of our colloquy with my colleague on the other side about why we shouldn't default to Bean. And if I remember correctly, that comes from a discussion in the Kerrigan case where this court discussed Bean. And the reason why that isn't binding on the court and it should start at Robertson is that discussion, number one, is addicted to the ultimate holding in Kerrigan. And the court did not really go into depth on that decision there. But in Robertson, the court explains what it meant by Kerrigan. It provides a more fulsome description of the amount of deference that's due in these types of situations. So I don't think it's necessary to overrule Kerrigan or anything like that. I think you can look at Robertson as clarifying that statement from Kerrigan. Let me ask you this. You've conceded with respect to the second plea agreement. And is that concession because it's your assessment that the district court started its analysis under the wrong standard of review, under the wrong level of deference? Yes, Your Honor. That's one of the two reasons we think that it's inappropriate. But ultimately- What's the second? The second would be that even if you gave the court the benefit of the doubt, the reasoning it gave wasn't sufficient to justify tossing a plea that's a pure charge bargain. And what do you think is required to reject a charge bargain under Tenth Circuit authority? So this court has- Judge McHugh was right earlier saying there's not a lot of cases that discuss where this line is. And so looking through the statements that this court has made and trying to give effect to them, this court has talked about the level of deference being similar to the deference for the government being able to dismiss a charge. It also has cautioned heavily against the district court's second guessing prosecution reasons in this context. That goes back to a point that Judge Iod had made earlier about the testimony of the victim in this case. And there was a significant amount of information put forward by the prosecutor, by the victim, by her father, and then later by the guardian ad litem talking about how difficult this was and how she was going through mental health crises in the course of the case. And the district court ultimately says, well, I saw her give a victim impact statement, and so I think she'd do fine. And that's the exact type of second guessing that I think cuts against any idea that there's any deference given to the prosecution's decisions. There obviously has to be a point at which, you know, the court can exercise that discretion. I think my colleague talked about kind of the obvious cases, you know, if there's evidence that, like, there was a bribe involved or some kind of public corruption involved. There are some other circuits, I'm sorry to interrupt, that seem to require that the district court set forth all of the reasons that the government gave for dismissing the charge and then take them one by one on its decision to discuss, to explain why it's not persuaded by that. So far that hasn't, we haven't adopted anything quite like that, have we? It's, I mean, it is discussed in Robertson that, you know, courts have to give explanations. I don't think there's been anything so clear as that. Vanderwerf is difficult because I think that case is such an extreme example that I don't necessarily think, it's tough to make much of an analogy there. However, that type of analysis makes sense, which is, you know, in a case where, so like, for instance, if the government came in with a plea agreement solely to the 2244B charge, which is capped at two years in federal prison, on the same set of evidence, and the district court not only stated what the prosecution's reasons were, but explained why, giving some deference to the separation of powers, those had to be subordinated in the interest of justice to the very serious concerns it has, that very well could be an appropriate use of that discretion. The difference that we have here is, you know, between the C1A charge bargain and the ultimate plea agreement, they're on the same level. It's about, it's just below the midpoint. And if the level of deference that you have to give to the prosecution can be overcome simply by a relatively small disagreement in the amount of time required, that's not really giving any deference in any way that's meaningful. So it has to be something more than that. Counsel, can I ask you about the guardian ad litem appointment? Was that done sua sponte by the district court? It was. And is that, I mean, how do we, when looking back at the record, what inference do we draw about, you know, the need to appoint a guardian ad litem when the U.S. attorney at the first presentation or sentencing hearing, the father of the victim, the victim herself, all sort of made clear what the victim's desires were for the outcome of the case, and then the court goes and appoints a guardian ad litem. That just seemed unusual to me. Is that unusual in the Northern District? In my experience, it's rare for a guardian ad litem to be appointed sua sponte. I obviously can't speak to every case, but I do work a lot of child exploitation cases. I think it's clear from the court's original colloquy in that first plea agreement hearing that it has concerns not that the government talked to the victim about the nature of the bargain, but that the victim truly understood what she was agreeing to by agreeing that this sentence was appropriate in light of the significant statement she made about the long-term impact that this conduct is having on her. And when you're assessing the C-1A plea bargain, so if the court had that concern and it made the sua sponte appointment and that person agreed entirely with the representations at that point, I think that should weigh pretty heavily on the amount of weight that the district court can then just put on its reaction to a victim impact statement where the victim is not cross-examined, she doesn't have to look at the defendant, or she doesn't have to talk about the specific details of her sexual assault. It's a much less stressful situation. But, I mean, there's nothing wrong with a judge if they're concerned that the minor might be being pressured to appoint a guardian ad litem in that circumstance. No, I agree, Judge McGee. You're not in any way raising that as some sign of bias, are you? No. The judge had a concern and did what is the appropriate thing to do when you have that concern, which is appoint somebody who is going to report the victim's best interests in the conversation with the victim directly to the court. You have not asked that this case be reassigned if we were to vacate and remand, but it does appear that this judge has some general bias against plea deals. Should that concern us in remanding to the same judge? I don't agree that the record shows that this judge has a bias towards plea deals, and certainly not in the same ballpark as the judge in Vanderwolf. While he does, you know, it's pointed out in the briefing that for a short period after this, he does end up having a chamber rule that says he won't accept 11C1C plea agreements. Of note in this case, he accepted 11C1C plea agreement once the parties came back to him with sufficient explanation for him to accept it. And ultimately, under the holding of Robertson, it is appropriate for a district court in this circuit to say, I'm not going to accept 11C1C plea agreements because I don't want to have my discretion at sentencing limited, and so it would be difficult to imagine that a judge doing something that they're allowed to do would be evidence of bias. Do you think we're bound by Robertson, though? I mean, the rule 11 back then, E1C in 1995, was different than the rule is today. It was, Your Honor, but I think that the reasoning that the court gives is not necessarily dependent on the specific language of that statute. The point of judicial discretion and its kind of unique discretion in the context of sentencing bargain was what drove that finding in Robertson. I think it's clear from the court's case after that that that's still what animates the rule about how we're supposed to assess those plea agreements. I mean, as I recall, Robertson, that wasn't the issue. That was before the court, so that would be dicta in that case, wouldn't it? It would be dicta, Your Honor. And there are certainly other circuits that have said a general rule, that your discretion has to be case-specific, and that a general rule that says I won't look at any of these is not an exercise of discretion at all. That makes some sense to me. I mean, you know, the issue is whether this particular plea under these particular facts should be accepted. I agree, Judge, that I'm actually, if you take Robertson off the table, I don't have another circuit that has a lot of similar case law other than the Fifth, which doesn't really appear to acquire much from its judges when it overturns cases. Ultimately, what this court talks about in Robertson is that the district court has a strong needs, not right word, but their sentencing discretion is inherent in the power of a district court judge. And Rule 11C1C doesn't require that courts accept them. It is one option from which an individual could use to try to resolve their case. I don't think there's any rule, any type of plea bargain where the judge is required to accept it, is there? There's not, Your Honor. And if you look at, I'm looking at the Sixth Circuit in Wray, United States, where they talk about that in order to exercise discretion, you have to be looking at the particular facts of a particular case and that a general refusal to consider a blanket rule that I won't consider any of these is an improper exercise. So, I mean, I'm not sure we're bound by Robertson's discussion of that because it was sort of a throw-off that didn't have anything to do with determination of the actual facts of that case. I actually apologize, Judge McHugh. I misspoke. I do believe that that is a non-dicta holding in Robertson because while there are multiple defendants in multiple issues, for Mr. Robertson, the preliminary question before they got to anything else was, was the district court, did it abuse its discretion in rejecting the plea? And there were four different reasons that the court divined from the district court statements about why it was or wasn't appropriate to reject the plea, and the court went through all four of those. The first pertained to local rules and court rules, and then the third pertained to timeliness of the court's calendar. It found that the three were all abuses of discretion, but the last one that the court categorically refused to accept at the time E1C plea agreements, the court said that was, in fact, not an abuse of discretion because the court was acting to protect its own sentencing discretion. And so the only reason Mr. Robertson's conversation at that point goes to the trial is because the district court made that, or because the Tenth Circuit made that finding. Counsel, the factors under the Mitchell case for deciding whether to assign it to a new judge, government doesn't believe the factors weigh in favor of that decision being made for a new judge, but what do you think it means to preserve the appearance of justice? I don't find a lot of case law that explains what that means. I agree that there's not a lot of case law that explains it. I think, you know, but it's not an unusual concept. I think it's consistent with, you know, judicial canons and attorney canons about an appearance of conflict, appearance of issue can sometimes override the fact that there isn't one at all. And so in a case where I think a judge maybe acts correctly but does so in such a way that on remand it could cause this court serious concern, that may be a prong under which the court could move it to a new judge, looking at the record in this case, the district court misunderstood how to properly assess the hybrid bargain. That's clear, how to identify a charge bargain versus a hybrid bargain. And I don't believe that it's clear from the record that if this court were to give the district court guidance on how those are to be properly interpreted, the district court wouldn't be able to take that guidance and act accordingly. You know, even though, you know, there are concerns about the C1Cs in this case, as I said, the court did accept one ultimately. And so, you know, litigation. It may not be a possibility, right? Because this judge doesn't even consider C1Cs by policy chambers, right? So it did for a period of about four months. As I understand it right now, there's nothing in the court rules about whether it would accept a C1C plea agreement. And it would, both of the rules have now been withdrawn, right? The chamber's rules. Yes, they're no longer in the chamber rules. I see that I'm out of time. If there are no further questions, I will. Thank you.